Spear, J.
Section 6040, of the Revised Statutes, makes it the duty of the appraisers to set off and allow to the widow, and children under the age of fifteen years, if any there be, sufficient provisions or other property to support them for twelve months from the death of the deceased, and the following section provides that where there is not sufficient personal property, or property of a suitable kind, the appraiser's shall cer *92 tify what sum, or further sum, in money, is necessary for the-support of such widow or children. Following these requirements, the appraisers set off to the plaintiff in error, both provisions and money.
Section 6043 gives authority to the probate court, on petition of the widow, or other person interested, to review the-allowance, and increase or diminish the same, and make such order as it may deem right and proper.
Under the authority of this last mentioned section, the plaintiff in error sought the action of the probate court by her petition of October 20, 1884, and that court’s finding and order was an adjudication of her right to further allowance. If dissatisfied, she had the right to appeal, or prosecute a proceeding to vacate. Having omitted to avail herself of such right, she cannot, by a new petition, again invoke the action of the probate court upon the same question. The duty of. that court was to review the proceedings of the appraisers. That duty it performed in the case first brought, and made a. final order, and its power over the question was thereby exhausted.
This conclusion may seem to involve hardship, but a contrary one would involve the most perplexing uncertainties as to the. rights of -widows and the duties of administrators. If a widow may have such a question again reviewed by the same court,, an administrator or other person interested may. The appraisers, in making their allowance, are expected to take into account the age of the widow, her condition and prospect as to-health, and all surrounding circumstances. If the widow were-permitted to review as often as she might desire, the question involved, because of a changed condition of health, it would follow that, in a case where the widow was ill at the time the-appraisers acted, and recovered later, the administrator, or any interested person, might seek such continued reviews by the-same court for the purpose of reducing the allowance, and thus, the question of allowance be kept open, to the unreasonable, embarrassment and injury of those interested in the settlement, of the estate.

Judgment affirmed.